Curia per
Nott, J.
This is an application to this Court to reverse an order of the Court below affirming the return of Commissioners assessing the sum of five thousand dollars for the dower of the demandant in the lands in question. The principal ground relied on by the appellant, is, that the deed from the City Council to Jonathan *351 Brown, and the mortgage by him to the City Council, were simultaneous acts, and, therefore the momentary seizin of Brown merely for the purpose of reconveying the same back by way of mortgage in order to secure the purchase money was not such a seizin as would entitle his widow to dower, and that although the dates of the two deeds are different, yet that the delivery of both was contemporaneous and that the advantage taken after the testimony was closed, of the difference in the dates, was a surprise upon the party and an objection which the defendant could have removed, if he had bee’ri apprised that such a ground would have been relied on. I consider it a very well settled rule, both in Law and Equity, that a mere transitory seizin of a husband of a tract of land for the purpose of reconveying by way of Mortgage, would not at common law entitle the wife to dower. A mortgage at common law was a conveyance of land subject to defeasance upon the payment of the money which it was intended to secure, and as the fee ves - ted in the mortgagee, there was nothing left in the husband of which the wife could be endowed. It is, however, otherwise in this State.' The mortgagor retains the legal estate, and the mortgage is only considered as a pledge for the security of the money. But it was held in the case of Mrs. Crafts vs. the Ex’ors of Crafts, 2nd M‘Cord, 54, that although the husband still retained the legal estate, yet that the mortgagee having obtained a vested lien before marriage, his security could not be varied or diminished by any after act of the mortgagor, and that although the wife was entitled to dower, it must be subject to the prior incumbrance. I think that the same principle will apply in this case. If the two deeds were simultaneous, the widow can only be entitled to dower subject to the mortgage to the City Council, or of the surplus over and above that incumbrance. If, therefore, tbe *352 Court could see that the defendant had sustained any injury, or rather, if we did not see that no injustice has been done by the sum assessed, a new trial might, perhaps, have been granted on the ground of surprise. But it will be seen by looking through the whole case, that the amount ultimately found due to the City Council was about eight thousand dollars. That the land was sold to the defendant for forty thousand dollars; so that the sum of which the widow was entitled to be endowed, was thirty two thousand dollars. The act of the Legislature of 1824, declares that the value of the land at the time of alienation shall be taken as the basis of calculation. The sum of forty thousand dollars was not only the sum for which the land was sold, but it was sold subject to the claim of dower, and that was the sum at which it was valued by the commissioners by whom the dower was assessed. But they considered the property as having deteriorated in value, so that at the death of Brown, it was worth only thirty thousand dollars, and they took that sum as the predicate of their assessment. In that respect the Commissioners did'wrong, as the act expressly requires that the dower shall be assessed according to the value of the land at the time of alienation, and not at the time of the death of the husband; and although that rule may perhaps, sometimes operate oppressively, yet I do not know that as a general rule, a better one could be adopted. But whether correct or not, it is one established by the Legislature, and must, therefore, be the rule of decision for this Court. The sum, therefore, out of -which the dower has been assessed is less than the value of the land at-the time of alienation, after deducting the sum due the City Council. it is less than the amount to which the widow would be entitled upon the principle contended for by the defendant himself. Admitting, therefore, that the fads exist on which the defendant *353 i’elies, they furnish no ground for a new trial on his part. Another ground relied on is that the Commissioners ought to have assigned the dower in the land itself and were not authorized to assess a sum of money in lieu thereof, without the consent of the defendant. It is apparent that injustice must sometimes be done by this method of proceeding. I recollect a case where the sum raised by the sale of thp whole tract of land in fee simple was not sufficient to satisfy the amount assessed for the dower. But the act is express on the subject. The Commissioners -are made the judges of the question, and unless it is apparent that they have committed some error, their decision must be final and conclusive. But there does not appear to be any error in this case. The Commissioners have returned that “ on consideration of the state of the premises, we are of opinion that the de-mandant’s dower cannot be set off by metes and bounds, without great injury to- all the parties concerned.” It is, at least, doubtful whether the Court can enquire into the reasons on which these opinions are founded. They are required to go on the premises to enable them the better to judge of the matter from their own view, and even if we are authorized to reverse their proceedings, I do not discover any evidence which made it the duty of the Commissioners to come to a different conclusion. I am of the opinion, therefore, that the motion ought to be refused. ' New trial refused,